UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ALEX CICCOTELLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| ANCHIANO THERAPEUTICS LTD., STAN POLOVETS, RUTH ALON, NEIL COHEN, ISAAC KOHLBERG, CMB ACQUISITION LTD., and CHEMOMAB LTD., | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. On December 14, 2020, Anchiano Therapeutics Ltd.'s ("Anchiano" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with CMB Acquisition Ltd. ("Merger Sub") and Chemomab Ltd. ("Chemomab").

2. Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Chemomab, with Chemomab surviving as a wholly-owned subsidiary of Anchiano; and (ii) each ordinary share of Chemomab will be converted into the right to receive American Depository Shares ("ADS") of Anchiano (the "Proposed Transaction").

3. On January 13, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC")

in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Anchiano common stock.

9. Defendant Anchiano is an Israeli limited company and a party to the Merger Agreement. Anchiano's common stock is traded on the NASDAQ under the ticker symbol "ANCN."

10. Defendant Stan Polovets is Chairman of the Board of the Company.

11. Defendant Ruth Alon is a director of the Company.

12. Defendant Neil Cohen ("Cohen") is a director of the Company.

13. Defendant Isaac Kohlberg is a director of the Company.

14. The defendants identified in paragraphs 10 through 13 are collectively referred to herein as the "Individual Defendants."

15. Defendant Merger Sub is an Israeli limited company, a wholly-owned subsidiary of Anchiano, and a party to the Merger Agreement.

16. Defendant Chemomab is an Israeli limited company and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

17. Anchiano is a biopharmaceutical company dedicated to the discovery, development, and commercialization of novel targeted therapies to treat cancer in areas of significant clinical need.

18. The Company is developing small-molecule pan-mutant-RAS inhibitors and inhibitors of PDE10 and the b-catenin pathway.

19. On December 14, 2020, Anchiano's Board caused the Company to enter into the Merger Agreement with Merger Sub and Chemomab.

20. Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Chemomab, with Chemomab surviving as a wholly-owned subsidiary of Anchiano; and (ii) each ordinary share of Chemomab will be converted into the right to receive ADSs of Anchiano.

21. According to the press release announcing the Proposed Transaction:

Anchiano Therapeutics Ltd. ("Anchiano") (Nasdaq: ANCN), a preclinical biopharmaceutical company, and Chemomab Ltd. ("Chemomab"), a clinical-stage

3

biotech company focusing on the discovery and development of innovative therapeutics for fibrosis-related diseases with high unmet need, announce their entry into a definitive merger agreement pursuant to which the shareholders of Chemomab would become the majority holders of the combined company. The proposed merger will create a public company focused on advancing Chemomab's lead product, CM-101. Shareholders of both companies holding shares sufficient to approve the merger have entered into shareholder support agreements with the respective companies in support of the transaction. . . .

Summary of the Transaction

Current Chemomab shareholders and holders of Chemomab equity awards will convert 100% of their existing equity interests into securities of the combined company. On a pro forma basis and based upon the number of Anchiano securities to be issued in the merger, current shareholders of Chemomab will own approximately 90% of the combined company upon closing, prior to the additional PIPE financing transaction. The actual allocation will be subject to adjustment based on Anchiano's cash balance at the time of closing and the amount of the additional PIPE financing consummated at the closing of the merger. Additional information about the transaction will be provided in a Current Report on Form 8-K that will be filed by Anchiano with the Securities and Exchange Commission ("SEC") and will be available at www.sec.gov.

The proposed transaction has been approved by the boards of directors of both companies. The merger is subject to the approval of Anchiano's shareholders at a special meeting of shareholders, which is expected to occur in the first quarter of 2021, along with the satisfaction or waiver of other customary conditions. . . .

Oppenheimer & Co., Inc. is acting as financial advisor to Anchiano for the transaction and Goldfarb Seligman and Cooley LLP are serving as legal counsel to Anchiano.  Ronen Bezalel and Shachar Hadar of Meitar, and Greenberg Traurig LLP, are serving as legal counsel to Chemomab, and Oppenheimer & Co., Inc. is acting as placement agent for the PIPE financing.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

22.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

23.     As set forth below, the Registration Statement omits material information.

24.     First, the Registration Statement omits the Company's and Chemomab's financial projections.

25. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

26. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Oppenheimer & Co., Inc. ("Oppenheimer").

27. With respect to Oppenheimer's Selected Public Companies Analyses, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analyses.

28. With respect to Oppenheimer's Selected Transactions Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

29. With respect to Oppenheimer's Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the standalone after-tax free cash flows used in the analysis and all underlying line items; (ii) the terminal values used in the analysis; and (iii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis.

30. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

31. Third, the Registration Statement omits material information regarding potential conflicts of interest.

32. The Registration Statement fails to disclose the amount of compensation Individual Defendant Cohen will receive as a result of the Proposed Transaction.

33. The Registration Statement also fails to disclose the amount of compensation Oppenheimer will receive for serving as Chemomab's private placement agent.

34. The omission of the above-referenced material information renders the Registration Statement false and misleading.

35. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Anchiano**

36. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Anchiano is liable as the issuer of these statements.

38. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

39. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

40. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

41. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

42. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

43. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Chemomab

44. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45. The Individual Defendants and Chemomab acted as controlling persons of Anchiano within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Anchiano and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

46. Each of the Individual Defendants and Chemomab was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior

to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

48. Chemomab also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

49. By virtue of the foregoing, the Individual Defendants and Chemomab violated Section 20(a) of the 1934 Act.

50. As set forth above, the Individual Defendants and Chemomab had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.    Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.    Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 4, 2021          **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
Herbert W. Mondros (#3308)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Email: sdr@rl-legal.com
Email: gms@rl-legal.com
Email: hwm@rl-legal.com

*Attorneys for Plaintiff*